SABRA F. JOHNSON, by her next friend, WILLIAM C. BURKE, v. ALPHEUS J. SNOW, Trustee.

(*)

A trustee of the property of a married woman, appointed by the court during her separation from her husband, under the "act concerning the property of married women," will, at her request, be removed, and the management of her property restored to her, if such request be made freely and without the coercion of her husband, and there be no equitable reason to the contrary; especially, if the result will be to stop expensive and irritating litigation between such trustee and the husband, growing out of the trust.

PETITION of a married woman, by her next friend, with the concurrence of her husband, for the removal of a trustee, formerly appointed by this court, at her instance, over her property, under the "act concerning the property of married women."

It appeared that the husband had, previously to his marriage with the petitioner, acted as her agent, in the care and management of her property; she being a maiden lady possessed of some landed estate. Upon their marriage, an exchange of real estate to some extent took place between them, partly, as was said, in settlement of his account against her as agent, for advances and services, and partly, by way of marriage settle-

ment. The exchange was supposed by herself and her friends to have been greatly to his advantage; and becoming dissatisfied with his treatment of her in this and other respects, she separated from him, and at the September term of this court, 1854, procured the appointment of the respondent, as trustee of her property, under the " act concerning the property of married women." In May, 1855, the trustee, at her instance, filed a bill in equity in this court to set aside the conveyances above executed by her to her husband just previous to her marriage, on the ground, that the same were procured from her by her proposed husband, upon grossly inadequate consideration, and by undue influence and fraud. After this bill had been pending about a year, and considerable expenses had been incurred on both sides in counsel and proofs, the petitioner and her husband became suddenly reconciled and commenced living together again, and have so remained living, in entire harmony, ever since. In February, 1856, this petition was filed, stating, that the causes which induced her to procure the appointment of a trustee of her property had ceased to exist; that she was desirous to resume the management and control of her property under the laws of the state; that she was willing that the conveyances executed by her to her husband should not be disturbed, and had long since requested her trustee to cease to prosecute the suit in equity, commenced by him, at her instance, to set them aside; that notwithstanding her request, and against her remonstrance, the respondent, as her trustee, under the direction, as she believed, of persons who had no right to interfere in the premises, continued to prosecute said suit at her great cost and expense; and she prayed, that the accounts of the trustee might be settled, the trustee removed, the trust discontinued, and she reinvested with the control and management of her property.

At the hearing of the petition, the trustee opposed it, on the ground that the petitioner was a person of exceedingly weak intellect, coerced into this proceeding by her husband, who was insolvent, and of intemperate habits, and that the consequence of granting it would be, not only to leave her to suffer from the frauds already practised by her husband upon her in procuring the conveyances of her estate, which the bill pending sought

to set aside, but to expose her to the danger of losing the remainder of her estate. Evidence was received from both sides touching his pecuniary condition and habits, and her ability, and freedom of action in preferring the petition; and upon this latter point, she was personally examined in open court, in the absence of the husband.

*Clarke* and *Payne*, for the petitioner.

1st. As the trustee was appointed under the " act concerning the property of married women" at the request of the petitioner, her request is a sufficient reason for his removal. Dig. 1844, p. 270.

2d. But if her simple request is not sufficient, her request under the state of facts disclosed by the testimony, is a sufficient reason for the removal both of the trustee and of the trust.

*James Tillinghast* and *R. W. Greene*, for respondent.

1st. Notwithstanding the great, if not totally irreconcilable, conflict in the English cases, the better, more sensible, and more equitable doctrine in reference to the power of a married woman in dealing with her separate estate is, (as held by Chancellor Kent,) that it is not absolute, but to be exercised *sub modo* under the trust settlement, and that she has no power except what is expressly given. *Methodist Episcopal Church* v. *Jacques*, 3 Johns. Ch. 77, pp. 113, 114 ; see *Whistler* v. *Newman*, 4 Ves. Jr. 129. And this, at least, is the settled rule of this court. *Metcalf* v. *Cook*, 2 R. I. Rep. 355.

Now, our statute does not, like the Massachusetts statute, require any conveyance to the trustee, fixing and determining the scope of the trust; and the statute itself, therefore, stands in the place of such trust conveyance, and determines the relative powers of the trustee and *cestui que trust*, upon these statutory appointments by the court. Dig. 1844, § 7, pp. 271, 272 ; Rev. Stat. 1857, p. 318, §§ 17, 18.

The statute gives no express power to a married woman to revoke a trust of this kind once created, binding the court to carry her mere request into effect. The case, in this view, therefore, stands before the court, as upon a voluntary trust settlement containing no power of revocation, which the *cestui* seeks to have revoked, and of which he asks the court to compel the

surrender, and a reconveyance. In such a case, we submit, that the court will look into all the circumstances before they act. See *O'Kill* v. *Campbell*, 3 Green, Ch. (N. J.) 13.

2d. This is a transaction between husband and wife. The very effect of granting the prayer of this bill will be, to leave the deeds to stand, and thereby give the husband one half, nearly, of the entire estate. Courts of equity examine every such transaction, with anxious watchfulness, and caution, and dread of undue influence. 2 Story, Eq. Jurisp. § 1395; Hill on Trustees, 425. See, per Lord Hardwicke, in *Grizley* v. *Cox*, 1 Ves. Sen. 518; see also, per Lord Loughborough, in *Milnes* v. *Bush*, 2 Ves. Jr. 488; *Pybus* v. *Smith*, 1 Ib. 189.

3d. The mere fact that the *cestui que trust* is a *female, though sole*, has been said to be an additional reason for continuing the trustees in the possession and control of the estate, with a view to her personal protection in case of her marriage. Per Vice-Chancellor Leach, in *Tidd* v. *Lister*, 5 Madd, 432; Hill on Trustees, 273.

But more than this, this estate is under the peculiar care of this court. Now, it is the settled rule, that where the husband or his assignees or creditors, with common-law marital rights, come into equity to enforce those rights against the separate estate of the wife, the court will first compel provision for the wife, i. e. will see her fully protected. Hill on Trustees, 407, 408, and cases cited; 2 Story, Eq. Jurisp. §§ 1407, 1408, 1414, 1415. And whatever doubt there formerly was as to the application of this rule to the wife's real estate, it seems now settled, that it applies to that, as well as to her personal estate. Hill on Trustees, 405, note 2, and cases cited.

We submit, therefore, that the court, before it acts upon this bill or petition, by analogy, as well as upon principle and authority, will examine cautiously, and in the light of all the circumstances, and determine whether, or not, the protection of this old lady in her rights, and of her estate, demand the continuance of this trust.

The trustee is, as it were, a statutory guardian over her estate —no other guardian can be appointed, be a married woman ever so incompetent; and if this court cannot and do not in-

quire into the circumstances on a petition of this nature, there is no power to protect her estate from the undue influence of her husband.

BOSWORTH, J.   In this case the petitioner, by her next friend, asks for the removal of a trustee of her property, heretofore appointed by this court, at her own instance, in accordance with the provisions of the act concerning the property of married women.   The petition alleges, that the causes for which she desired and sought such trustee no longer exist; that she knows no reason why the protection of her rights requires the continuance in his office of such trustee; and that she now prefers to have the management and control of her property, under the laws of the state, without the intervention of a trustee.

The trustee, being cited, appears and resists the application.

The facts, so far as they are necessary to be considered in the case, which appear to have led to the proceeding on which we are now called to act, are these:—

Prior to the marriage of the petitioner with her present husband, there had been certain conveyances of a part of her estate made by her to him.   After the marriage, there had been a disturbance of the harmony of their marital relations, which had caused the wife to separate from her husband; and while living separate, she had petitioned this court for the appointment of the trustee.   The trustee was appointed, and, at her request, he has commenced proceedings by bill in equity filed in this court, to have the conveyances of her property, made before marriage, set aside, alleging that they were fraudulently obtained.   Pending this bill, the wife is reconciled to her husband, returns to his house, and is now, as she asserts, living happily with him; and she has requested her trustee to discontinue the proceedings on the bill in equity, which are now carried on at her cost, being satisfied, and preferring, that the conveyances shall stand, and that she may have the management of her remaining property, without the intervention of any trustee.

A few simple principles of the law are sufficient to guide the discretion of the court in relation to an application of this sort. By the common law, the property of a woman becomes by marriage subject to the control of her husband.   Personal property

vests absolutely in him, and real property is subject to his control, so that he may manage it and take the rents and profits, and it is liable to attachment for his debts. By the act concerning the property of married women, the common law is modified; and her real estate, and certain kinds of her personal estate are so far secured to her, to her sole and separate use, as that the same, and the rents, profits, and income thereof cannot be attached or taken for the debts of the husband, either before or after his death ; and upon the death of the husband, in the lifetime of the wife, shall be and remain her sole and separate property. The receipt or discharge of the husband for the rents and profits of such property, unless forbidden in writing by the wife is, however, made a sufficient discharge ; and in case the receipt by the husband is thus forbidden by the wife, her receipt alone is a sufficient discharge. The plain purpose of this statute is, so far to modify the policy of the common law in relation to the property of a married woman, as to prevent her property from being attached for her husband's debts, and to give to her the power to provide against an improvident waste of her property, by her husband, or an unjust application of it to his own uses, without her consent. At the same time, it carefully leaves the wife to confide the management of such property to her husband if she chooses, with power to dispose of it, in the guarded' manner provided by statute, according to her own free will. Power is given to the court, upon petition in equity by any married woman, to appoint a trustee of her property, who may sue for, recover, and hold such property to the uses by law provided; and such trust is to continue during coverture, unless sooner determined by order of the court. This power is undoubtedly given to authorize the court, to enable the wife, through the intervention of a trustee, to assert and prosecute her rights, when, from opposition to her wishes on the part of her husband, or from other cause, she is unable to prosecute her just claim, without such aid. It is a power given to aid her in the management of her property according to her own free will; and though a trustee be appointed for this purpose, it was never intended by this power, that such trust should continue, when in consequence of a change of circumstances

or of purposes on her part, its continuance would operate to compel her to a course, in regard to her property, which is against her free will.

From the evidence in this case it appears, that the trustee was appointed at a time when there was a separation of the husband and wife. Since the appointment, and since the proceedings were commenced in equity, the husband and wife have become reconciled, and are now living in harmony together. The wife now wishes a determination of the trust, and a discontinuance of the proceedings which are now pending, at her cost, on the bill in equity; and with a full knowledge of the effect of such course, declares her wish that the conveyances sought to be set aside, in the bill, shall remain as they now are. By the act concerning the property of married women, she can intrust the management of her property to her husband, and by joining with her husband make such conveyance of it as she pleases, or may take the rents and profits herself. We do not see why, if she chooses to be reconciled to her husband, and to manage her property in her own way, either by intrusting the care of it to him or by assuming the managing it herself, if she acts without fear or compulsion or any undue influence of her husband, she has not this right, according to the spirit of the law. It certainly does not appear proper, that the court should enforce, by a continuance of the trust, in opposition to her wishes, a course in regard to her property, inconsistent with her right of managing it or disposing of it according to law.

The grounds on which the petition is opposed by the trustee are, the alleged insolvency of the husband of the petitioner, his alleged intemperate habits, and the naturally weak, unsuspecting, and confiding nature of the petitioner, and her limited education. The proofs offered in the case have failed to satisfy the court that any of these grounds can be sufficiently sustained to justify a refusal to grant the prayer of the petitioner, especially as, upon examination of the petitioner in open court, in the absence of her husband, we have perceived a persistent purpose and determined desire, on her part, that her trustee should be removed, that her property may remain subject to her own control. Under such circumstances, we think, the same discretion

which dictated the appointment of a trustee, while she was at variance with her husband, that she might assert her claim to her property, would direct, now that she is reconciled, that the trustee be removed, that she may, without intervention, control her property according to her own free will.

Upon the reading of the above opinion, the whole matter was, by consent, referred to a master, to ascertain and report upon the state of the trustee's account with the estate, he to allow the trustee all proper costs and charges in managing his trust, and in carrying on the pending suit against the husband, with a view to the dismissal of said suit and the removal of the trustee.